UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>STEVEN QUADREL, CHRIS QUADREL, RYAN QUADREL, individually and in his capacity as Executor of The Estate of Mark Quadrel, and THE ESTATE OF MARK QUADREL,<br><br>        Defendants. | Civil Action<br><br>2:19-cv-12235-SDW-SCM<br><br>**REPORT AND RECOMMENDATION ON MOTION FOR ATTORNEY FEES**<br><br>**[D.E. 21]** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is Defendants Chris Quadrel, Ryan Quadrel, and Ryan Quadrel as the executor of the Estate of Mark Quadrel's Estate's (collectively "the Quadrels") motion for attorney fees against co-defendant Steven Quadrel ("Steven").[1] The Honorable Susan D. Wigenton, U.S.D.J. referred the motion for Report and Recommendation.[2] The Quadrels' motion is unopposed. Upon consideration of the Quadrels' submission and for the reasons stated herein, it is respectfully recommended that the Quadrels' motion for attorneys' fees and costs be **DENIED**.

---

[1] (ECF Docket Entry No. ("D.E.") 21, Notice of Mot.). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] L. Civ. R. 72.1(a)(2).

I.      **BACKGROUND AND PROCEDURAL HISTORY**[3]

The Prudential Insurance Company of America ("Prudential") filed this interpleader action.[4] Mark Quadrel ("Mark") contracted with Prudential under the Prudential Group Contract number G-14800 (the "Group Plan").[5] The Beneficiary Rules of the Group Plan (the "Beneficiary Rules") provide:

> If there is a Beneficiary for the insurance under a coverage, it is payable to that Beneficiary. Any amount of insurance under a Coverage for which there is no Beneficiary at your death will be payable to your estate.
>
> If a beneficiary dies before you, that Beneficiary's interest will end. It will be shared equally by any remaining Beneficiaries, unless the Beneficiary Form states otherwise.[6]

At all relevant times, Mark was covered with term life insurance benefits for $566,989.50 ("Total Death Benefits").[7]

On or about September 20, 2016, Mark designated his three children, Ryan Quadrel ("Ryan"), Chris Quadrel ("Chris"), and Steven Quadrel, as co-equal beneficiaries, each inheriting

---

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 1, Compl., ¶ 1).

[5] *Id*. at ¶ 8.

[6] *Id*. at ¶ 18.

[7] *Id*. at ¶ 9.

33.33% of the Total Death Benefits.[8] On March 1, 2018, Ryan was appointed the Administrator of Mark's Estate by the Essex County Surrogate's Court in New Jersey.[9]

On October 24, 2018, Mark was murdered—suffering gunshot wounds to the head and torso.[10] Consistent with the Beneficiary Rules, both Ryan and Chris received their share of the Total Death Benefit.[11] However, Steven, who is incarcerated at the Montgomery County Correctional Facility[12] is currently unable to claim his share of the Total Death Benefit, as he has been charged with first and third-degree murder of his father Mark.[13]

At the time of his death, Mark was domiciled in New Jersey, but was killed in Pennsylvania.[14] Pursuant to the Beneficiary Rules, Prudential was unsure whether the New Jersey or Pennsylvania's Slayer Statute governed the issues in this case.[15] On November 5, 2019, this Court granted Chris and Ryan's October 2, 2019 motion requesting a Declaratory Judgment and held that New Jersey law would apply to the interpretation of the Policy's beneficiary rules.[16] The

---

[8] *Id.* at ¶ 10.

[9] (D.E. 21-2, Def.s' Notice of Mot., at 2).

[10] (D.E. 1, Compl., ¶ 12).

[11] *Id.* at ¶ 13.

[12] *Id.* at ¶ 2.

[13] *Id.* at ¶ 15.

[14] *Id.* at ¶ 19.

[15] *Id.* at ¶¶ 16-7.

[16] (D.E. 21-2, Def.s' Notice of Mot., at 5).

Court further held that the New Jersey Slayer Statute shall govern the disposition of the policy proceeds held by this Court should Steven be found guilty of Mark's murder.[17]

The Quadrels now move for attorney fees and costs against co-defendant, Steven.

## II. <u>**LEGAL STANDARD**</u>

"Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."[18] Over the years, statutory changes to the American Rules have taken many forms.[19]

To determine whether Congress intended to depart from the American Rule, courts should first look to the language of the statute or rule.[20] While "[t]he absence of [a] specific reference to attorney's fees is not dispositive,"[21] Congress must provide a sufficiently "specific and explicit" indication of its intent to overcome the American Rule's presumption against fee shifting.[22]

---

[17] *Id*.

[18] *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 124, 135 S.Ct. 2158, 192 L.Ed.2d 208 (2015).

[19] *Id.* at 126.

[20] *Hardt*, 560 U.S. at 254, 130 S.Ct. 2149 (internal quotation marks omitted).

[21] *Key Tronic Corp. v. United States*, 511 U.S. 809, 815, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994).

[22] *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 260, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *see also Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126, 135 S.Ct. 2158, 192 L.Ed.2d 208 (2015).

### III. DISCUSSION AND ANALYSIS

The Quadrels seek an award of attorney fees in the amount of $10,171.64 and litigation costs in the amount of $543.73.[23] The Quadrels cite to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335 as the basis for their request for fees.[24] The Quadrels also cite to Federal Rule 54(d) asserting that it defines the power of federal courts to allow for an award of attorney fees and costs.[25]

Rule 54(d) sets forth the requirements for motions for attorney's fees, specifically providing:

> (d) Costs; Attorney's Fees.
>
> (1) *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.
>
> (2) *Attorney's Fees.*
> (A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
> (i) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

---

[23] (D.E. 21-2, Def.s' Notice of Mot., at 5-6).

[24] *Id.* at 6.

[25] *Id.* at 7.

> (C) Proceedings. Subject to Rule 23(h), the court must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c) or 78. The court may decide issues of liability for fees before receiving submissions on the value of services. The court must find the facts and state its conclusions of law as provided in Rule 52(a).
>
> (D) Special Procedures by Local Rule; Reference to a Master or a Magistrate Judge. By local rule, the court may establish special procedures to resolve fee-related issues without extensive evidentiary hearings. Also, the court may refer issues concerning the value of services to a special master under Rule 53 without regard to the limitations of Rule 53(a)(1), and may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.
>
> (E) Exceptions. Subparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927.[26]

The Court highlights Rule 54(d)(2)(B)(ii), which specifically requires that a motion for attorney's fees "specify the judgment and the statute, rule, or grounds entitling the movant to the award."[27] In an attempt to meet this requirement, the Quadrels cite to the interpleader rule, which provides that:

> **(a)** The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate,

---

[26] F.R.C.P. 54(d).

[27] *Id.*

> policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
>
> **(b)** Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.[28]

The above language does not authorize an award of attorney's fees. This point is recognized by the Quadrels when they concede that the language of these rules are "silent as to the counsel fee awards in Interpleader actions outside of those granted to a disinterested stakeholder", however, the Quadrel's nonetheless argue that in light of the silence, "the Act leaves the decision to award attorney's fees to the discretion of this Court."[29]

Courts have limited discretion in awarding attorney's fees in actions where a statute does not specifically authorize the award.[30] Although the Interpleader statute and Rule 22 are silent on this issue, this District has held that "[t]he prevailing principle in interpleader actions brought in the federal courts . . . is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorneys fees, out of the deposited fund."[31] Specifically, "[a] court has the

---

[28] F.R.C.P. 22; *see also* 28 U.S.C. § 1335.

[29] (D.E. 21-2, Def.s' Notice of Mot., at 6).

[30] *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)); *see also Metropolitan Life Ins. Co. v. Kubicheck*, 83 Fed.Appx. 425, 431 (3d Cir. 2003) ("A court has the discretion to award to an interpleader plaintiff attorneys fees and costs[.]").

[31] *Prudential Ins. Co. of Am. v. Richmond*, No. 06-cv-525, 2007 WL 1959252, at *4 (D.N.J. July 2, 2007), *aff'd*, 336 Fed. App'x 232 (3d Cir. 2009).

discretion to award to an interpleader plaintiff attorneys fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability."[32] The reasoning for this is "[b]ecause the stakeholder 'is considered to be helping multiple parties to an efficient resolution of the dispute in a single court,' courts find that the stakeholder attorney's fees are justified."[33] However, in this action, justification for an award of fees is not clear.

The Quadrels have failed to provide a sufficient legal basis for their request of fees. They essentially assert that silence in a statute allows for the Court's discretion in awarding attorneys' fees but provide no legal basis for this argument. To be clear, the Quadrels are not disinterested stakeholders in this action. To the contrary, both Ryan and Chris are listed as beneficiaries to the Estate of Mark Quadrel. Thus, their involvement in this action is of adverse parties and not of a typical interpleader plaintiff who is essentially a middleman. The Quadrels did not bring parties together for the efficient resolution of disputes, instead, they were the parties brought together to resolve a dispute involving the division of beneficiary funds under a life insurance policy.

The Supreme Court has noted that "it is apparent that the circumstances under which attorneys' fees are to be awarded and the range of discretion of the courts in making those awards are matters for Congress to determine."[34] Further, that the American Rule "is deeply rooted in our history and in congressional policy; and it is not for us to invade the legislature's province by

---

[32] *Metro. Life Ins. Co. v. Kubichek*, 83 Fed. App'x. 425, 431 (3d Cir. 2003) (citation omitted).

[33] *Banner Life Ins. Co. v. Lukacin*, No. 13-cv-6589, 2014 WL 4724902, at *3 (D.N.J. Sept. 22, 2014) (citing *Frontier Ins. Co. v. Mission Carrier, Inc.*, No. 91-cv-5151, 1992 WL 209299, at *2 (D.N.J. Aug. 24, 1992)).

[34] *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 271, 95 S.Ct. 1612, 1628 (1975).

redistributing litigation costs[.]"[35] Accordingly, the Court should follow the guidance of the Supreme Court, and decline to grant an award of attorney's fees under a statute where one does not already exist and where justification for such an award has not been shown.

## IV. DISCUSSION AND ANALYSIS

For the reasons set forth above, it is respectfully recommended that the Quadrels' motion for attorney's fees and costs be **DENIED**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[36] The District Court need not consider frivolous, conclusive, or general objections.[37]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/13/2020 3:30:26 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

---

[35] *Id.*

[36] 28 U.S.C. § 636(b)(1)(C); L. Civ. R. 72.1(c)(2).

[37] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (internal citations omitted).